# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

TEDDY LUTHER MORGAN, DELORA MORGAN, Individually, CLAYTON B. MORGAN, a minor, by his parents, TEDDY LUTHER MORGAN and DELORA MORGAN,

          Plaintiffs,

v.                                                                                                               No. CIV 00-1266 BB/JHG

STATE OF NEW MEXICO AND ITS AGENCY NEW MEXICO STATE HIGHWAY DEPARTMENT, BILLY M. CARPENTER & EDDIE H. CARPENTER,

          Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of Wal-Mart Stores, Inc's ("Wal-Mart") motion to dismiss (Doc. 9). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the motion to dismiss will not be granted. Instead, this case will be held in abeyance pending decisions by the District Court for the Western District of Arkansas, concerning issues such as personal jurisdiction and venue.

This case arises out of a vehicle accident in which Plaintiff Teddy Morgan ("Plaintiff")[1] was seriously injured. Wal-Mart paid a substantial amount toward Plaintiff's medical expenses. Subsequently, Plaintiff settled a lawsuit he had filed against several defendants, and Wal-Mart requested reimbursement for the amount it had paid to Plaintiff. Plaintiff offered to pay a portion of

---

[1] For ease of reference, the Court will assume Teddy Morgan is the only Plaintiff in the case, and will refer to "Plaintiff" as the party opposing Wal-Mart's motion to dismiss.

that amount, since he maintained he had recovered only a portion of his total damages in the settlements. Wal-Mart then filed a lawsuit in the Western District of Arkansas, on June 15, 2000. On July 21, 2000, Plaintiff responded by filing a motion in the New Mexico state district court in which his original lawsuit had been filed and settled. Plaintiff's motion asked that Wal-Mart's recovery from the settlement proceeds be limited in the manner Plaintiff had proposed. In August, 2000, following service of Plaintiff's motion on Wal-Mart, the state-court case was removed to this Court, on the basis that federal ERISA claims are involved in the reimbursement question. Wal-Mart then filed a motion to dismiss, invoking the "first-filed" rule and arguing this Court should defer to the lawsuit that had already been filed in Arkansas.

Under the "first-filed" rule, the first federal court that obtains jurisdiction over the issues and the parties has priority, and the second court should normally decline consideration of the action until the proceedings before the first court are terminated. *See Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965). Plaintiff raises several objections to the application of the rule to this case.

Plaintiff first contends the Arkansas action was not actually the first-filed case. According to Plaintiff, Wal-Mart's right to any proceeds of his settlements arises out of the state-court action he filed and then settled, and in which he filed his motion to limit Wal-Mart's right of reimbursement. Since the state-court action was filed in 1994, Plaintiff maintains that case is actually the first-filed action. The Court disagrees. Wal-Mart was not a party to the state-court action until July 21, 2000, when Plaintiff in effect filed suit against Wal-Mart by filing his motion in the state court and by obtaining issuance of a summons directing Wal-Mart to appear in that court. Therefore, even though an action removed to federal court relates back to the state-court action for purposes of the first-filed

rule,[2] the state-court action in this case was not filed against Wal-Mart until July 21, 2000, over a month after the Arkansas federal-court lawsuit was filed. The latter action, therefore, is the first-filed action for purposes of the "first filed" rule.

Plaintiff also argues he has not yet been served process in the Arkansas case, and for that reason the Arkansas case cannot qualify as the first-filed action. This contention is contrary to Tenth Circuit law. In *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Circuit 1982), the Tenth Circuit held that, for purposes of the "first filed" rule, jurisdiction relates back to the filing of the complaint, and the date process is served has no effect on the determination as to which action was filed first. In *Hospah*, as in this case, process was first served in the New Mexico federal court, although the first complaint to be filed was filed in federal court in Texas. The Tenth Circuit held that jurisdiction over the parties and issues in the case attached first in the Texas court, rather than the New Mexico court. Similarly, this Court must find that jurisdiction over Plaintiff and Wal-Mart, as well as the issues, first attached in Arkansas rather than in this Court.

Plaintiff argues vigorously that the Arkansas court has no jurisdiction over his person, since he has no minimum contacts with that state. He also contends venue would not be proper in Arkansas, and that it would be highly vexatious for him to have to litigate this matter in Arkansas. The Court agrees that Plaintiff has raised serious questions regarding personal jurisdiction, venue, and the convenience of the forum chosen by Wal-Mart. However, established case law in this Circuit and others indicates the federal court in Arkansas, and not this Court, is the proper forum in which to resolve the questions raised by Plaintiff. *See Cessna* (federal district court in Kansas should not

---

[2]*See Manufacturers Hanover Trust Co. v. Palmer Corp.*, 798 F.Supp. 161, 166 (S.D.N.Y. 1992) (collecting cases indicating that where a state action is removed to federal court, for purposes of first-to-file rule the state court filing date is the relevant benchmark).

review jurisdictional decision made by federal district court in Louisiana; instead, remedy of party claiming lack of jurisdiction in Louisiana is appeal to FifthCircuit); *see also Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627 (9th Cir. 1991) (decision as to Florida court's jurisdiction over parties and issues was in the hands of the Florida court, rather than the California court in which a later action was filed).  This Court may not, therefore, presume to decide whether the Arkansas district court has jurisdiction over Plaintiff, or whether the Arkansas action should properly be transferred to this Court or another court.  Instead, Plaintiff must present his defenses to the Arkansas action in that court.

Similarly, this Court may not address the challenges Plaintiff has raised to the merits of Wal-Mart's ERISA claim.  Since this Court is the later-filed court, the correct course of action is to refrain from any decision or comment on the merits of that claim.

Finally, the Court must decide the proper relief to be granted Wal-Mart, accepting the fact that the first-filed action is the lawsuit filed in Arkansas.  Wal-Mart has asked for dismissal of Plaintiff's case.  However, both *Cessna* and *Alltrade* strongly indicate that, since serious questions have been raised concerning the Arkansas court's jurisdiction as well as the propriety of the Arkansas court as a forum, the better course of action is for this Court to stay the action and hold it in abeyance, pending final decisions as to the issues raised by Plaintiff.  *Cessna*, 348 F.2d at 692 (sound judicial administration requires that Kansas case be held in abeyance until termination of Louisiana cases and any appeals therefrom); *Alltrade,* 946 F.2d at 628-29 (uncertainty concerning jurisdiction of court in which action was first filed counsels against outright dismissal; second-filed suit should be stayed, rather than dismissed).

**Conclusion**

Based on the foregoing, the Court will deny the motion to dismiss, but will hold this case in abeyance. The parties are to keep this Court abreast of any developments in the Arkansas action that might counsel in favor of lifting the stay and either dismissing the case or proceeding with the litigation.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss (Doc. 9) be, and hereby is, DENIED. This case will be held in abeyance, or stayed, pending further order of this Court.

Dated this 6th day of December, 2000.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiffs**:
Steven C. Ewing
Law Office of Steven C. Ewing
300 Central Avenue, S.W.
Suite 1000 West
Albuquerque, New Mexico 87102

**For Defendants**:
Brad Perry
Law Office of Brad Perry
2112 Camina Placer Avenue
Farmington, New Mexico 87401

Thomas H. Lawrence
John M. Russell
Hale Headrick Dewey Wolf Golwen Thornton & Chance, PLLC
1727 Kirby Parkway, Suite 150
Memphis, Tennessee 38120